UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO VILLEGAS, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>M. SPEARMAN, Warden,<br><br>Defendant. | No. 2:19-cv-1539 TLN AC P<br><br><br><br>ORDER |

I. Introduction

Plaintiff is a state prisoner incarcerated at High Desert State Prison (HDSP) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request to proceed in forma pauperis. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the court grants plaintiff's request to proceed in forma pauperis, finds the complaint as written unsuitable for service, and grants plaintiff leave to amend.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 8. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

1

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III.  Screening of Plaintiff's Complaint

A.  Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). Where a complaint pleads facts that are merely consistent with a defendant's liability, it fails to cross the line between possibility and plausibility of entitlement to relief. Id.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Allegations

In an exceptionally terse complaint, plaintiff contends that, under Proposition 57, he was wrongly denied a parole hearing upon completion of the base term of his sentence. He alleges that sole defendant HDSP Warden Spearman has violated plaintiff's rights under California's Proposition 57 and the federal constitution, specifically plaintiff's due process and equal protection rights. Plaintiff alleges that Spearman has instead applied his "own regulations" and "underground policys [sic]." ECF No. 1 at 4-5. Plaintiff seeks an injunction compelling CDCR to "adhere to the laws." Id. at 5.

### C. Analysis

In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, §32(a)(1). The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, *excluding* the imposition of an

////

enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A) (emphasis added).

Plaintiff's complaint lacks any detail reflecting the reason(s) he was denied a parole suitability hearing. For this reason, plaintiff will be granted leave to file an amended complaint that clearly explains the matters he challenges, including how and when plaintiff met the requirements for convening a parole suitability hearing; and how, when, why and by whom he was denied a hearing.

However, plaintiff is informed that it is unlikely he will be able to state a cognizable federal claim challenging the construction or implementation of California law. Plaintiff "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process" or equal protection. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Moreover, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). "[A] § 1983 cause of action for damages attributable to an [allegedly] unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) (fn. omitted). Even if plaintiff obtains a parole suitability hearing, but is denied parole, there would be no violation of due process as long as plaintiff is allowed an opportunity to be heard and provided a statement of the reasons why parole was denied. Swarthout v. Cooke, 562 U.S. 216, 222 (2011). Due process requires nothing more. Id.

IV. Leave to File a First Amended Complaint

For the foregoing reasons, the instant complaint is subject to dismissal. Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within thirty days, in which he may attempt to state a cognizable federal claim subject to the standards set forth herein. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 8, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, ECF No. 1, will not be served. Plaintiff may file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in re recommendation that this action be dismissed without prejudice.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

SO ORDERED.

DATED: December 9, 2019

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE