UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDOLFO VILLEGAS, JR.,

Plaintiff,

v.

M. SPEARMAN, Warden,

Defendant.

No. 2:19-cv-01539 TLN AC P

FINDINGS AND RECOMMENDATIONS

Plaintiff is state prisoner incarcerated at High Desert State Prison, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with a First Amended Complaint (FAC) filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

On December 10, 2019, the court dismissed plaintiff's original complaint with leave to amend. ECF No. 9. The court now screens plaintiff's FAC pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends the dismissal of this action without further leave to amend.

I. Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Although pro se documents are liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), leave to amend is not appropriate if deficiencies of the pleading cannot be cured by amendment, Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

II. Background

In his original complaint, plaintiff alleged that he was wrongly denied a non-violent parole hearing upon completion of the base term of his sentence, as required by California's Proposition 57. Plaintiff alleged that sole defendant HDSP Warden Spearman violated his rights under Proposition 57 and the federal constitution, particularly plaintiff's due process and equal protection rights. Plaintiff sought an injunction compelling CDCR to "adhere to the laws." ECF No. 1 at 5.

In dismissing the complaint with leave to amend, the court explained:

> In 2016, California voters approved Proposition 57 which, in pertinent part, requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, §32(a)(1). The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A). . . . [P]laintiff is informed that it is unlikely he will be able to state a cognizable federal claim challenging the construction or implementation of California law. Plaintiff "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process" or equal protection. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Moreover, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). . . . Even if plaintiff obtains a parole suitability hearing, but is denied parole, there would be no violation of due process as long as plaintiff is allowed an opportunity to be heard and provided a statement of the reasons why parole was denied. Swarthout v. Cooke, 562 U.S. 216, 222 (2011).

ECF No. 9 at 3-4.

In granting leave to file an amended complaint, the court directed plaintiff to "clearly explain[] the matters he challenges, including how and when plaintiff met the requirements for convening a parole suitability hearing; and how, when, why and by whom he was denied a hearing." Id. at 4.

   III.   Screening of First Amended Complaint

Now, in his FAC, plaintiff alleges that he seeks a "non-violent parole board date" based on the completion of his sentence on his primary offense, which he identifies as assault with a deadly weapon under California Penal Code 245(a)(1) and which he asserts is not a "violent felony" listed in Penal Code 667.5(c). Exhibits to the FAC indicate that plaintiff was sentenced on May 14, 2018, and that CDCR denied his request for early parole consideration on June 25, 2018.

The undersigned initially finds that plaintiff's claims are properly brought in this civil rights action rather than in a petition for writ of habeas corpus because a finding in plaintiff's favor – that he was wrongly found ineligible for parole consideration – would not necessarily impact the duration of his confinement. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).[1]

However, plaintiff's claims are based on a misunderstanding of the applicable regulations and statutes. Under Cal. Code Regs. tit. 15, section 3490(c), the regulations implementing Proposition 57, a "'[v]iolent felony' is a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code." Plaintiff correctly asserts that assault with a deadly weapon is not one of the enumerated "violent felonies" under Section 667.5(c). However, Section 667.5(c)(8) further defines a "violent felony" as "[a]ny felony in which the defendant inflicts great bodily injury [GBI] on any person other than an accomplice which has been charged and proved in Section 12202.7. . . ."

---

[1] Parole consideration does not necessarily mean speedier release from prison and therefore must be presented to the court, if at all, in a civil rights action under 42 U.S.C. § 1983. Nettles, 830 F.3d at 934-35. Because Proposition 57 relief "would not necessarily lead to [plaintiff's] immediate or earlier release from confinement," but rather a discretionary parole hearing where parole may be declined, plaintiff's claim does not fall within the "core of habeas corpus." Id. at 935.

3

As set forth in the sentencing and calculation exhibits attached to the FAC, CDCR officials construed plaintiff's GBI enhancements, which were found true under Section 12022.7(e), as grounds to deny him parole eligibility under Proposition 57. See ECF No. 14 at 10, 21 ("A non-violent component with an attached violent enhancement is considered violent."); id. at 14 ("Inmate is not eligible for the Nonviolent Parole Review Process because . . . [t]he inmate's current offense, whether controlling or non-controlling, is a violent offense pursuant to Penal Code, section 667.5(c)." CDCR's calculations appear consistent with state law.

Even if CDCR had improperly denied plaintiff consideration under Proposition 57, the undersigned finds that this state law claim is not cognizable in federal court. Similar allegations raised in other cases within this district have been found to present no cognizable claim under Section 1983. See Russell v. Diaz, , 2019 WL 2613592, at *3, 2019 U.S. Dist. LEXIS 107306 (E.D. Cal. June 26, 2019) (Case No. 2:18-cv-1062 TLN AC P) (collecting cases), findings and recommendations adopted Aug. 2, 2019; see also Ramos v. Spearman, 2020 WL 1450731, at *2, 2020 U.S. Dist. LEXIS 52064 (E.D. Cal. Mar. 25, 2020) (Case No. 2:19-cv-1662 JAM KJN P) (citing additional cases), findings and recommendations pending review.

Finally, it is clear that plaintiff cannot cure the deficiencies of his pleadings by further amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this case be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////

////

////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 13, 2020

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE